UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| RANDY NEW, | * |
| | * |
| Plaintiff, | * |
| | *CIVIL ACTION FILE NO.: |
| v. | *           2:17-cv-00125-RWS |
| | * |
| LAKESHORE LOGISTICS, INC., | * |
| | ***JURY TRIAL DEMANDED** |
| | * |
| Defendant | * |
| _____ | * |

## **COMPLAINT**

Plaintiff, RANDY NEW ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, LAKESHORE LOGISTICS, INC., a Georgia Profit Corporation ("Defendant"), and states as follows:

## **JURISDICTION**

1.

Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorney's fees and costs.

2.

The jurisdiction of the Court over this controversy is based upon 29 U.S.C.§ 216(b).

## **PARTIES**

3.

At all times material hereto, Plaintiff was, and continues to be, a resident of Blairsville, Georgia.

4.

At all times material hereto, Defendant was a Georgia Profit Corporation. Further, at all times material hereto, Defendant was engaged in business in Georgia, with a principle place of business in Fannin County, Georgia.

5.

At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

6.

At all times material hereto, Defendant was "engaged in commerce" within the meaning of §§ 6 and 7 of the FLSA.

7.

At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

8.

At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9.

Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

10.

At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce.

11.

Plaintiff was an hourly paid driver of Defendant who worked in excess of forty (40) hours during one or more weeks during the relevant time period, but did not receive pay at one and one-half times their regular pay rate for their hours worked in excess of forty (40) hours per week.

# **STATEMENT OF FACTS**

12.

On or about August of 2016, Defendant hired Plaintiff to work as a non-exempt driver.

13.

At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

14.

From at least December of 2016 and continuing to date, Defendant failed to compensate Plaintiff at a rate of one and one-half times the Plaintiff's regular hourly wage for all hours worked in excess of forty (40) hours in a single work week.

15.

Plaintiff should be compensated at the rate of one and one-half times the Plaintiff's regular hourly wage for those hours that the Plaintiff worked in excess of forty (40) hours in a single work week, as required by the FLSA.

16.

Defendant has violated 29 U.S.C. § 207 from at least December of 2016 and continuing to date, insofar as:

a. Plaintiff has worked in excess of forty (40) hours in a single work week;

b. Defendant has not compensated Plaintiff at a rate of one and one-half times the Plaintiff's regular hourly wage for the hours worked in excess of forty (40) hours in a single work week;

c. No payments nor provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times the Plaintiff's regular hourly wage for those hours worked in excess of forty (40) hours in a single work week, as provided by 29 U.S.C. § 207(a)(1); and

d. Defendant failed to keep accurate time records associated with the number of hours Plaintiff worked on at least one occasion.

## **COUNT I – RECOVERY OF OVERTIME COMPENSATION**

17.

Plaintiff incorporates the facts asserted in the preceding paragraphs of this Complaint as if fully alleged herein.

18.

From at least August, 2016 until at least the 3rd of March, 2017, Plaintiff worked in excess of forty (40) hours per week, for which Plaintiff was not

compensated at the statutory rate of one and one-half times the Plaintiff's regular hourly wage.

19.

Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times the Plaintiff's regular hourly wage for those hours worked in excess of forty (40) hours in a single work week.

20.

Defendant sought to falsify time keeping records on or around December of 2016 when Plaintiff's supervisor "Jeff" demanded that Plaintiff sign a document whereby Plaintiff would be attesting to having only worked 8 hours of overtime in a single work week, even though Plaintiff had worked for more than the 8 hours claimed by Defendant and Defendant knew that Plaintiff had worked more than the 8 hours of overtime so claimed by the Defendant.

21.

Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

22.

Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered damages and lost compensation for time worked in excess of forty (40) hours per work week, plus liquidated damages.

23.

Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

24.

Based upon information and belief, Defendant has failed to properly pay Plaintiff proper overtime wages at a rate of one and one-half of Plaintiff's regular hourly wage for those hours in excess of forty (40) hours per work week.

WHEREFORE, Plaintiff respectfully requests that this honorable Court enter judgment in his favor against Defendant:

   a. Declaring, pursuant to 29 U.S.C. §§ 201 and 202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney fees, costs, and expenses of the litigation, pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Enjoining Defendant from engaging in practices that violate the FLSA; and

g. Ordering any other further relief that the Court deems just and proper.

Respectfully submitted this 12th day of June, 2017.

Respectfully submitted,

_____
Douglas R. Kertscher
Georgia Bar No. 416265
*Attorney for Plaintiff*

HILL, KERTSCHER & WHARTON LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
770-953-0995
770-953-1358 Fax